IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GUY MUTTER,

                                                 OPINION AND ORDER

                Plaintiff,

                                                 11-cv-511-bbc

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Dana Duncan, counsel for plaintiff Guy Mutter, has moved for authorization of an award of attorney fees for his work in representing plaintiff in this social security proceeding. Counsel is seeking an award of $10,489.93 under his written contingent fee agreement with plaintiff, with the amount to be deducted from the award to plaintiff by the Social Security Administration, which was $51,540.94 in withheld benefits ($48,844.90 for disability insurance benefits and $2,696.04 in supplemental security income benefits). Under a stipulation between the parties, plaintiff was awarded fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, in the amount of $2,395.50. Dkt. #25.

       Recognizing that she is not in a position to object to the contingent fee agreement, but asserting a quasi-trustee role in the matter, defendant asks the court to review the fee request from plaintiff's counsel to be sure that his contingent fee agreement with plaintiff is reasonable in this particular case. She questions whether plaintiff's counsel has shown

1

that the time for which he seeks compensation was related to work performed in this court, pointing out that that she moved to dismiss the action voluntarily and remand it for further administrative hearings before she even filed an answer to plaintiff's complaint.

In response, counsel says that he is asking for all attorney fees under the contingent-fee contract, in which the parties agreed that counsel would receive 25% of plaintiff's award, covering time spent in administrative proceedings as well as before the district court. Plt.'s Reply Br., dkt. #37, at 2. He says that this court has approved requests for both fees in previous cases, although he does not cite any.

The applicable statute is 42 U.S.C. § 406(b), which governs fees for representation of social security claimants before the court. (§ 406(a)(2) governs fees for representation before the commissioner.)

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

The fair reading of this provision is that the district court is required to review the reasonableness of fees sought by plaintiff's counsel and that it has authority to consider only the value of the work done before the court; approval of fees for work done at the administrative level must be obtained from the agency. Gisbrecht v. Barnhart, 535 U.S.

789, 793-94 (2002). If this court approved fees for administrative work in the past, this was error.

Under § 406 and Gisbrecht, this court cannot approve fees for work done at the administrative level, however expeditious that might be for all the parties concerned. Thus, it will be necessary for counsel to submit a supplemental request for approval of his fee agreement, showing only the fees incurred in this court or, at a minimum, the hours spent on the appeal of the commissioner's decision. From the fact that the case was dismissed voluntarily by the commissioner at the outset, it is unlikely that fees incurred for the federal court work would have amounted to much, but plaintiff's counsel does not provide sufficient information to know whether this is true. In his brief, plaintiff's counsel says only that he spent "17.7 hours of attorney time plus 24.6 hours of Federal time pursuant to the EAJA." Plt.'s Br., dkt. #29, at 4. Counsel does not explain what he means when he says "Federal Time pursuant to EAJA," such as whether he is differentiating this time from 17.7 hours of attorney time spent in administrative proceedings. In addition, he does not say how he comes up with 24.6 hours in the category of "Federal time." Moreover, plaintiff's counsel has not explained the relationship between his EAJA award of $2,395.50 and his present request for fees for 24.6 hours. I will give counsel an opportunity to file a supplemental filing, in which he addresses these questions and also explains his request for time spent by his administrative staff, which defendant questioned in her brief. Dft.'s Br., dkt #33, at 6.

ORDER

IT IS ORDERED that plaintiff's counsel, Dana Duncan, may have until August 11, 2014, in which to explain to the court why he believes he is entitled to fees for work done in this court and the amount of such fees.  Defendant may have until August 18, 2014 in which to respond to Mr. Duncan's explanation, if she wishes.

Entered this 14th day of August, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge